Beattie, J.
This is an appeal by the plaintiff of the trial judge’s ruling on defendant’s motion to dismiss Counts II, III and IV of the plaintiff’s complaint, after trial.
The facts of the case are as follows. Plaintiff, Richard P. Kulaszewski, while a patron at Mory’s Pub, was assaulted by Glen Altro, and sustained injuries. At trial, there was no evidence that Glen Altro was either an agent, servant or employee of M & R Inc. d/b/a Mory’s Pub. In addition, no evidence was introduced by plaintiff of any involvement whatsoever of M & R Inc. The only evidence offered at trial was the testimony of plaintiff. There was no testimony that Glen Altro was an employee, servant, or agent of M & R Inc.
Defendant did not admit that M & R Inc. was a duly organized corporation in its answer to plaintiff’s complaint, and left the plaintiff to its proof.
Finally, no interrogatories, requests for admissions, or other discovery was offered at trial regarding the legal status of M & R, Inc., d/b/a Mory’s Pub. Plaintiff appeals the allowance of defendant’s motion to dismiss on the basis that *177 the court somehow had evidence from which it could deduce the legal status of the defendant. However, the only evidence offered at trial was plaintiff’s testimony. There was no testimony that defendant Altro was in any way connected to M & R Inc., and there was no testimony regarding the legal status of M & R Inc., d/b/a Mory’s Pub.
No evidence was introduced by plaintiff by way of interrogatory answers or requests for admission, which would allow the court to find that M & R Inc. was in any way connected to Glen Altro. Lastly, no evidence was offered that M & R Inc. was in any way negligent.
Pursuant to M.R.C.P., Rule 41(b) (2), if the Court finds, viewing the evidence in the light most favorable to the plaintiff, that the evidence does not support an inference of liability on the defendant, the Court should allow the motion to dismiss. Sahagan v. Commonwealth, 25 Mass. App. 953 (1987).
In this case, the trial judge had absolutely no evidence from which an inference of liability could be drawn.
We find that the trial judge’s ruling on defendant’s motion for involuntary dismissal was properly granted.
Petition dismissed.